S. LANE TUCKER
United States Attorney

MORGAN J. WALKER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: morgan.walker@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   vs.<br><br>GEORGE MOISES ROMERO JR,<br><br>          Defendant. | No. 4:24-cr-00019-RRB-SAO |

**OPPOSITION TO
DEFENSE MOTION TO DISMISS INDICTMENT (Dkt. 11)**

       The United States opposes the dense *Motion to Dismiss for Speedy Trial Violation* (the "Motion," Dkt. 11). The Government respectfully requests the Court deny the motion as explained below.

    **A) <u>Summary of Motion</u>**

       The Motion requests the Court order dismissal of the Indictment[1] on the grounds

---

[1] Dkt. 2

that the charges "violat[e] [the Defendant's] right to a speedy trial as provided by the United States Constitution."² The Motion cites to the Supreme Court's opinion in *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 478, 118 S. Ct. 921, 926, 139 L. Ed. 2d 912 (1998), which is a case regarding the scope of removal of civil actions, from state court to federal court, pursuant to 28 U.S.C. § 1441. The Motion asserts that the federal prosecution "is arbitrary, vindictive, selective and violates due process," but does not cite authority for, nor explain, those arguments.³

**B) <u>Analysis of controlling law</u>**

1. <u>This is a criminal prosecution unrelated to 28 U.S.C. § 1441</u>

The Motion mistakenly relies on 28 U.S.C. § 1441. This case is a criminal prosecution pursuant to 18 U.S.C. §§ 922(g)(1) and 931(a)(1). No party "removed" this action from state court to U.S. District Court. Accordingly, there is no relevant argument arising under 28 U.S.C. § 1441.

2. <u>This case has not yet reached the Speedy Trial Act deadline of 70 days.</u>

In 18 U.S.C. § 3161(c)(1), Congress established a 70-day deadline for commencement of trial. The clock starts from the later of the filing and making public of the indictment, or a defendant's appearance in the Court in which the charge is pending.⁴

In this case, the Government filed the indictment on November 19, 2024.⁵ However, the Defendant did not first appear in U.S. District Court in this matter until November 26,

---

² Motion at 1
³ Dkt. 11 at 3
⁴ 18 U.S.C. § 3161(c)(1)
⁵ See Indictment Dkt. 2

U.S. v. ROMERO Jr
4:24-cr-00019-RRB-SAO

2024.[6] Accordingly, the 70-day clock started on November 26 and, unless the Court later tolls the clock, expires on Tuesday, February 4, 2025.

The Court has, already, scheduled trial by jury to commence on January 27, 2025.[7] Accordingly, the Speedy Trial Act has not been violated in this case and, further, the Court has already set this case on track to comply with the Speedy Trial Act.

    3.  <u>There has been no due process violation regarding pretrial detention.</u>

As explained above, there has been no violation of the Speedy Trial Act. However, "It is undisputed that at some point, pretrial detention can become excessively prolonged, and therefore punitive, resulting in a due process violation." <u>United States v. Torres</u>, 995 F.3d 695, 708 (9th Cir. 2021). To evaluate a claim that pretrial detention violates due process, courts "weigh the following factors: (1) the length of the defendant's pretrial detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting detention under the Bail Reform Act."[8]

In this case, as to the first factor, the Defendant filed the Motion on the same day that he was arrested, *i.e.* November 26, 2024.[9] Thus, the Defendant had been in custody less than one day when he filed the Motion, and will have been in custody less than 10 days by December 5, 2024, when the Court has ordered a detention hearing to occur.[10] The Government submits that there is no reasonable argument that this short detention, which

---

[6] Dkt 9, minute entry re: arraignment
[7] Dkt. 9
[8] Id.
[9] The arrest date of November 26, 2024, is stated on the arrest warrant return, Dkt. 7.
[10] Dkt. 9

U.S. v. ROMERO Jr
4:24-cr-00019-RRB-SAO

Page 3 of 5
Case 4:24-cr-00019-TMB-SAO    Document 19    Filed 12/03/24    Page 3 of 5

is less than one-seventh of the Speedy Trial Act period to begin trial, violates the Defendant's right to due process.

As to the second factor, there has been no "delay" in trial in detention. Accordingly, the Government has not caused delay.

Finally, as to the third factor, the Government submits that the evidence is strong. The Government may present some of the evidence at the upcoming detention hearing, including, without limitation:

1) A judgment memorializing the Defendant's underlying felony conviction(s);
2) The parole warrant authorizing the Defendant's arrest;
3) Video depicting the Defendant being arrested;
4) Images of the firearms the Defendant possessed; and
5) A report by the ATF establishing that the firearms must have traveled in and affected interstate or foreign commerce.

To summarize, there is no plausible argument that the Defendant's brief detention in this matter violates due process.

**3) Conclusion**

The Motion is meritless and the Government respectfully requests the Court deny it.

//
//
//

U.S. v. ROMERO Jr
4:24-cr-00019-RRB-SAO

RESPECTFULLY SUBMITTED December 3, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s Morgan J. Walker
MORGAN J. WALKER
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

Further, after this is filed, the Government will cause it to be printed and mailed to:

George Moises Romero, Jr.
#503985
Fairbanks Correctional Center
1931 Eagan Avenue
Fairbanks, AK 99701

USA/s Morgan J. Walker

U.S. v. ROMERO Jr
4:24-cr-00019-RRB-SAO

Page 5 of 5
Case 4:24-cr-00019-TMB-SAO    Document 19    Filed 12/03/24    Page 5 of 5