MICHAEL J. HEYMAN
United States Attorney

CARLY VOSACEK
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: carly.vosacek@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>GEORGE MOISES ROMERO,<br><br>    Defendant. | No. 4:24-cr-00019-001-TMB |

**SENTENCING MEMORANDUM**

  The United States recommends imposition of the following sentence:

**INCARCERATION** ................................................................................**120 MONTHS**

**SUPERVISED RELEASE** ........................................................................**3 YEARS**

**SPECIAL ASSESSMENT**................................................................................**$100**

**RESTITUTION** ..........................................................................................**NONE**

**FINE**............................................................................................................**NONE**

The United States of America respectfully recommends that the Court impose a sentence of 120 months imprisonment for the defendant, George Moises Romero, for possession of firearms and body armor after being convicted of three violent felonies. There is no plea agreement in this case. A sentence above the guideline sentence of 120 months is the appropriate sentence and disposition of this case. That sentence is sufficient but not greater than necessary to comply with the goals of sentencing.

## I. INTRODUCTION

### a. Case History

On October 20, 2006, Romero pled "no contest" to Murder in the Second Degree, Assault in the Third Degree, and Robbery in the Second Degree. Romero was sentenced to 24 years in prison but obtained early release on discretionary parole in 2019. On June 4, 2024, an arrest warrant for violation of parole was issued for Romero for failing to obtain permission before changing his residence and failing to report as directed.

On June 6, 2024, Romero was located at a residence on Dawn Drive in Fairbanks, Alaska, and observed to be walking around the residence and loading camping gear into a vehicle. The vehicle departed the residence and drove to the intersection with Harper Road, where Romero began to unload the camping gear. Romero was wearing a camouflage poncho, had multiple bags, and began to carry the gear toward the tree line.

Law enforcement was deployed to apprehend Romero. SWAT officers began to call out verbal instructions, and after approximately one minute, Romero walked toward officers with his hands on his head. Romero stopped and faced away from officers as

instructed but refused to drop to his knees after he was instructed to multiple times. Romero then fell forward onto his face. Romero was arrested and a search of his person found body armor with soft vest inserts and two Type III rifle rated ballistic plates, a Glock 20, a 10mm pistol on his right hip, a Taurus Spectrum, a .380 caliber pistol in a holster inside his right cargo pocket, and two handgun magazines and loose ammunition in his front left pants pocket. Officers found a Ruger Super Blackhawk .454 Casull pistol in Romero's bag.

**b. Procedural History**

On November 20, 2024, the defendant was charged on two counts Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), with penalty provisions under 18 U.S.C. § 924(a)(8) and Violent Felon in Possession of Body Armor in violation of 18 U.S.C. § 931 with penalty provisions under 18 U.S.C. § 924(a)(7). On April 2, 2025, the defendant was found guilty by a jury on both counts of the indictment.

## II. SENTENCING GUIDELINES CALCULATION

**a. Statutory Maximum Sentence**

The maximum sentence that may be imposed for Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), with penalty provisions under 18 U.S.C. § 924(a)(8), is 15 years' imprisonment; a fine of $250,000.00; and three-years' supervised release. The maximum sentence for Violent Felon in Possession of Body Armor in violation of 18 U.S.C. § 931 with penalty provisions under 18 U.S.C. § 924(a)(7), is three-years imprisonment, 1-year supervised release, and a fine of $250,000.00.

//

U.S. v. ROMERO
4:24-cr-00019-001-TMB

Page 3 of 7
Case 4:24-cr-00019-TMB-SAO    Document 299    Filed 09/09/25    Page 3 of 7

### b. Sentencing Guidelines Calculation

The United States agrees with the probation officer's calculations finding the total offense level to be 22, *see* PSR at 1, and the defendant's criminal history category to be II. The resulting Sentencing Guidelines range is 46 to 57 months. *Id* at 1.

### III. GOVERNMENT'S RECOMMENDATION

The United States recommends a sentence of 84 months imprisonment on Count 1 and 36 months imprisonment on Count 2 to be served consecutively for a composite sentence of 120 months, followed by 3 years of supervised release. This sentence is appropriate in light of the defendant's history and characteristics and the nature and circumstances of his conduct. It is sufficient, but not greater than necessary, to deter the defendant and others from future criminal activity and to protect the public. Furthermore, this sentence does not result in an unwarranted sentencing disparity.

### a. The Nature, Circumstances, and Seriousness of the Offense

The defendant was released on discretionary parole in 2019. While on parole the defendant was defiant and difficult with those in positions of authority, including his parole agent. Romero was supposed to be living at the Fairbanks Rescue Mission but had not been staying there in violation of his parole conditions.

The defendant knew he had a warrant for his arrest as demonstrated by him fleeing from the parole office when agents tried to contact him. He notified his boss he would be going to jail. Rather than dealing with the warrant, Romero armed himself with three

loaded firearms, extra ammunition, and body armor. At best, the defendant was fleeing from apprehension. At worst, he was preparing for a standoff with police.

Romero continues to deny the validity of the parole arrest warrant and argues that he should not be subject to parole conditions, that he has the right to possess firearms, that his prior convictions could not be used against him, and that the State and Federal prosecution has violated his rights. Romero maintains these erroneous positions despite multiple court orders finding the contrary. An upward variance is necessary to protect the public from a defendant who willfully disobeys the law and knowingly chooses to disregard direction from those in authority.

**b. The History and Characteristics of the Defendant**

The Defendant has a criminal history beginning at the age of 13. The defendant's adult criminal history significantly undercounts his criminality. Since being placed on parole the defendant has received three parole violations for new charges including Stalking, Violating a Protective Order, and this offense. He has trespassed onto the University of Alaksa campus and has consistently been involved in fights while in custody. Romero is a trained fighter and uses violence to settle disputes with others. He fights with inmates, disobeys corrections staff, refuses to follow rules at Fairbanks Correctional Facility, and refuses to take accountability for any of his behaviors.

Romero only follows rules and laws that he agrees with. He willfully ignores any evidence that he has acted wrongly, instead arguing belligerently and continuing to act as he pleases. Neary 20 years after his murder conviction, he has steadfastly refused to

accept any responsibility for his actions. His history and characteristics warrant an upward variance.

**c. The seriousness of the Offense and Just Punishment**

Romero was attempting to avoid apprehension when he obtained three firearms and body armor. Romero has a demonstrated pattern of violence, not only with his prior convictions, but his behavior while in jail.

Romero is self-admittedly litigious. He has sued many who hold positions of authority over him, such as law enforcement personnel, his parole officer, and the State. He repeatedly argues that his rights are being violated while failing to recognize how his own disregard for the law affects the community and others. The only way to safeguard the community is with a prolonged term of imprisonment. If he cannot control his violent tendencies while incarcerated, he cannot be trusted to do so in the community. The defendant's behavior warrants a sentence above the guidelines.

**d. The Need for Adequate Deterrence and Protection of the Public**

The sentence imposed must also afford adequate deterrence to criminal conduct. Romero's offense was motivated by a belief that he is right and that everyone else is wrong. He has not demonstrated that he can be deterred via supervision. Romero likely will not be deterred even by a statutory maximum sentence. The only way to protect the public from Romero is incarceration.

//

//

U.S. v. ROMERO
4:24-cr-00019-001-TMB

**e. The Need to Avoid Unwarranted Sentencing Disparities**

The United States is recommending a sentence significantly greater than the national average for Romero. The 3553 factors justify a higher-than-average sentence to account for his violent history and the need to protect the public.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court impose a composite sentence of 120 months imprisonment for the defendant, George Moises Romero, followed by a 3-year term of supervised release. The United States submits that this sentence is appropriate given the threat Romero poses to the community and is sufficient but not greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED September 9, 2025 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

/s Carly Vosacek
CARLY VOSACEK
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on September 9, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Carly Vosacek